IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEREMIAH FLYNN, Special Administrator of the Estate of Leslie B. Flynn, Jr.;<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF WASHINGTON, NEBRASKA, CITY OF BLAIR, NEBRASKA, et al;<br><br>Defendants. | **8:22CV183**<br><br><br>**ORDER** |

Plaintiff has moved to withdraw his deemed admissions to the City of Blair's Requests for Admissions. (Filing No. 41).

A court may permit withdrawal of deemed admissions when doing so would promote the movant's ability to have the case decided on its merits and withdrawal of the admission will not prejudice the opposing party's claims or defenses on the merits. F.D.I.C. v. Prusia, 18 F.3d 637, 640 (8th Cir. 1994) (interpreting Rule 36(b)).

Plaintiff did not file a brief or evidence in support of the motion. See NECivR. 7.1(a). The City's responsive brief pointed out this omission, but Plaintiff did not file a Reply or request leave to supplement the record.

Plaintiff's motion explains that the City's requests for admissions ask Plaintiff to admit or deny the allegations in the complaint. Although Plaintiff's motion states "[a] withdrawal of the admissions would not prejudice the Defendants in proceeding on the merits of the action," (Filing No. 41, at CM/ECF

p. 2, ¶ 8), Plaintiff has not stated what his answers would have been had he responded to the requests for admissions or how those answers would impact the merits of his case.

The motion states Plaintiff's counsel failed to respond to the requests for admissions due to an oversight. The requests for admissions were served on March 24, 2023. See Filing No. 29-1.  Although Plaintiff's counsel discovered the oversight on June 9, 2023, (Filing No. 41, at CM/ECF p. 2, ¶ 7), and before the deadline for completing fact depositions, (Filing No. 16), he waited nearly five months to file a motion to withdraw the admissions. By then, the City had moved for summary judgment based, in part, on Plaintiff's deemed admissions. (Filing No. 30). Discovery is closed, and the City may need to reopen the discovery if Plaintiff's admissions are withdrawn.

In short, Plaintiff did not comply with the court's local rules when filing the motion to withdraw the deemed admissions, and Plaintiff has not shown the admissions should be withdrawn to permit a determination on the merits. And at this stage of the case, the City will be prejudiced if the deemed admissions are withdrawn.

Accordingly,

IT IS ORDERED that Estate's motion to withdraw the deemed admissions, (Filing No. 41), is denied.

Dated this 5th day of December, 2023.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

2